JS 44 – CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS

Nike, Inc.

## DEFENDANTS

Antonio D. Carpenter, an individual and d/b/a Pro Styles Barbershop and Does 1 through 10, inclusive

**E-FILING**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

Washington County

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.   Santa Clara County

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
J. Andrew Coombs A P.C., Annie S. Wang, 517 E. Wilson Ave.,
Suite 202, Glendale, CA 91206 / (818) 500-3200

ATTORNEYS (IF KNOWN)

C 08 03261 BZ

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 2 U.S. Government
Defendant

☑ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties in
Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For diversity cases only)                           AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☑ Original
Proceeding

☐ Removed from
State Court

☐ Remanded from
Appellate Court

☐ Reinstated or
Reopened

☐ Transferred from
Another district
(specify)

☐ Multidistrict
Litigation

☐ Appeal to District
Judge from Magistrate
Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury Med Malpractice<br>☐ 365 Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt Relations<br>☐ 730 Labor/Mgmt Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl.Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☑ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S Plaintiff or Defendant<br>☐ 871 IRS - Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 Amer w/ disab - Empl<br>☐ 446 Amer w/ disab - Other<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV | ☐ 510 Motion to Vacate Sentence Habeas Corpus:<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Trademark infringement, 15 U.S.C. Sections 1051, et seq.

## VII. REQUESTED IN COMPLAINT: ☐ CHECK IF THIS IS A CLASS ACTION    DEMAND $_____  CHECK YES only if demanded in complaint:
UNDER F.R.C.P. 23                                                           JURY DEMAND: ☑ YES  ☐ NO

## VIII. RELATED CASE(S)    PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
IF ANY                       "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    ☐ SAN FRANCISCO/OAKLAND    ☑ SAN JOSE

**ORIGINAL**

DATE 6-26-08    SIGNATURE OF ATTORNEY OF RECORD

JS 44 Page 2
(Rev. 11/04)

INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a). F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.  Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V.    Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.   Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.  Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Date and Attorney Signature.

Date and Attorney Signature. Date and sign the civil cover sheet.

J. Andrew Coombs (SBN 123881)
Annie S. Wang (SBN 243027)
J. Andrew Coombs, A P. C.
517 E. Wilson Ave., Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

andy@coombspc.com
annie@coombspc.com

Attorneys for Plaintiff,
Nike, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Nike, Inc.

            Plaintiff,

      v.

Antonio D. Carpenter, an individual and d/b/a
Pro Styles Barbershop and Does 1 through 10,
inclusive,

            Defendants.

C08 03261 BZ

Complaint for: Trademark Infringement;
Trademark Dilution; Unfair Competition;
and State Law Unfair Competition

Plaintiff Nike, Inc. ("Nike") alleges as follows:

## I. Jurisdiction and Venue

1.     This Court has jurisdiction over the subject matter of this claim pursuant to 15

U.S.C. § 1121 and 28 U.S.C. § 1338. Venue is proper in this judicial district pursuant to 28 U.S.C.

§ 1391.

## II. Intra-District Assignment

2.     Pursuant to Civ. L-R 3.2(c) Plaintiff alleges that this is an intellectual property

action. Plaintiff is informed and believes that the Defendant resides in Santa Clara County.

///

///

Nike v. Carpenter: Complaint          - 1 -

### III.  Introduction

1.    This action has been filed by Nike to combat the willful sale of unlicensed and counterfeit products, specifically including its core product of sports shoes, bearing Nike's exclusive trademarks. Defendants in this action are sellers of counterfeit Nike branded shoes through a retail outlets located in the greater San Jose area. Through such active importation, purchasing, distributing, offering of sale and selling such unlicensed and counterfeit footwear, Nike is irreparably damaged through consumer confusion, dilution and tarnishment of its valuable trademarks.

2.    Nike seeks a permanent injunction, damages, costs and attorney's fees as authorized by the Lanham Act and California law.

### IV.  The Parties

3.    Nike is a corporation duly organized and existing under the laws of the State of Oregon having its principal place of business in Beaverton, Oregon.

4.    Nike is informed and believes, and based thereon alleges, that defendant Antonio D. Carpenter ("Carpenter") is an individual resident in the City of San Jose, California. Nike is further informed and believes that Carpenter does business as Pro Styles Barbershop in the city of San Jose, California. Nike is further informed and believes and based thereon alleges that defendant Carpenter had the right and ability to supervise or control the infringing activity alleged herein and that he had a direct financial interest in such activity. In addition or alternatively defendant Carpenter had knowledge or reason to know of the infringing activity and took actions which contributed to such activity.

5.    Nike is informed and believes, and upon that basis alleges, that defendants John Does 1-10 are entities or individuals who are residents in this judicial district and are subject to the jurisdiction of this Court. Nike is informed and believes, and upon that basis alleges, that Does 1 –

10 are entities or individuals who are manufacturing, distributing, importing, displaying,

advertising, promoting, selling and/or offering for sale, merchandise in this judicial district which

infringes the Nike Trademarks. The identities of the various Does are unknown to Nike at this

time. Upon information and belief, said fictitiously named defendants are liable to Nike on the

basis of the same allegations made herein against the named defendants. Nike will seek leave to

amend this Complaint to insert the true names and capacities when the same are ascertained. The

Doe defendants and Carpenter are collectively referred to herein as "Defendants".

## V.    FACTUAL BACKGROUND

6.      Nike is engaged in the manufacture, design and sale of footwear, apparel and related

accessories. Among other products, Nike manufactures, sells and distributes basketball and running

shoes. Products manufactured and sold by Nike are sold bearing the "NIKE" mark, or an arbitrary

and distinctive emblem which has come to be known as the "Swoosh Design," or a composite mark

consisting of the word "NIKE" and the "Swoosh Design." Nike utilized these marks on shoes and

apparel as trademarks of Nike's high quality products. Nike also developed and utilized the "Nike

Air" and "Just Do It" marks as a trademark for its shoes and apparel. Nike sells in excess of

$13,000,000,000 a year in merchandise bearing its distinctive trademarks.

7.      All products noted above are sold with the "NIKE," "Swoosh Design" or composite

"NIKE" and "Swoosh Design" marks. Nike adopted and used the "NIKE" and "Swoosh Design"

marks in 1971. Nike registered the "NIKE" mark in block letters on November 2, 1982,

Registration No. 1,214,930 in class 25 for footwear. Nike registered the "Swoosh Design" on

March 5, 1985, Registration No. 1,323,343 in class 25 for footwear. Nike registered the composite

mark of "NIKE" and the "Swoosh Design" Registration no. 1,325,938 on March 19, 1985, for in

class 25 for footwear. And, more recently, Nike has registered the "NIKE AIR" mark, Registration

No. 1,284,386 on July 3, 1984 for footwear in class 25; the "AIR JORDAN" mark, Registration No.

1,370,283 on November 12, 1985 for footwear and apparel in class 25; the "AIR JORDAN" Design, Registration No. 1,742,019 on December 22, 1992 for apparel and sports bags, backpacks and apparel in classes 18 and 25; the "AIR JORDAN" Design, Registration No. 1,558,100 on September 26, 1989 in class 25 for footwear and apparel; and the "JUST DO IT" mark, Registration No. 1,875,307 on January 24, 1995 in class 25 for apparel. These are some, but by no means all, of Nike's federal trademark registrations. Each of The Nike Trademarks have been registered with the United States Patent and Trademark Office pursuant to the Lanham Act (15 U.S.C. § 1051). A list of Nike's federal trademark registrations are attached hereto as Exhibit "A". (The trademarks identified in Exhibit "A" are collectively referred to herein as the "Nike Trademarks.") All of the Nike Trademarks are current and in full force and effect. Many of the marks have become incontestable pursuant to 15 U.S.C. § 1065. Additionally, all of the Nike Trademarks qualify as famous marks pursuant to 15 U.S.C. § 1125.

8.      The Nike Trademarks are distinctive when applied to the high quality apparel, footwear and related merchandise signify to the purchaser that the products come from Nike and are manufactured to the highest quality standard. Whether Nike manufactures the products itself, or licenses others to do it, Nike has insured that products bearing its trademarks are manufactured to such standard. Nike's products have been widely accepted by the public and are enormously popular, as demonstrated by billions of dollars in sales each year.

9.      This enormous popularity is not without cost, as evidenced by the increasing number of counterfeiters in the United States and around the world. Indeed, it is a modern irony that companies measure success by the extent of their counterfeiting problem.

## VI.  **DEFENDANTS' UNLAWFUL CONDUCT**

10.      Defendants are involved in the manufacture, purchase, distribution, offering for sale and/or sale of counterfeit and/or infringing footwear bearing the Nike Trademarks to the general

Nike v. Carpenter: Complaint                    - 4 -

public. Defendants do through so through the retail outlet owned controlled and/or managed by them located in the city of San Jose in the County of Santa Clara. Nike is informed and believes that the defendants persist in their unlawful sale of counterfeit merchandise infringing the Nike Trademarks despite prior notice to them in the form of cease and desist letters served upon them or their employees.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement)

11.    Nike hereby repeats and alleges the allegations set forth in paragraphs 1 through 10 above, as if set forth fully herein.

12.    Nike's claim arises under Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, for infringement of registered and unregistered marks.

13.    Nike owns the exclusive trademark rights to those trademarks listed on Exhibit "A". All of the trademark registrations are in full force and effect. In many instances the trademarks have become incontestable pursuant to 15 U.S.C. § 1065.

14.    All advertising and products, including apparel, footwear, watches, jewelry and related merchandise, which have been sold by Nike, or under its authority, have been manufactured and distributed in conformity with the provisions of the United States trademark law.

15.    Notwithstanding Nike's well known and prior common law and statutory rights in the Nike Trademarks, Defendants have, with actual and constructive notice of Nike's federal registration rights, and long after Nike established its rights in the Nike Trademarks, adopted and used the Nike Trademarks in conjunction with the manufacture, purchase, distribution, offer of sale and sale of footwear in the State of California and in interstate commerce.

16.    Defendants have caused to be imported, distributed, offered for sale and sold footwear bearing one or more of the Nike Trademarks without the authorization of Nike.

Nike v. Carpenter: Complaint                                  - 5 -

Defendants' manufacture, purchase, distribution, offer for sale and sale of footwear and related merchandise bearing the Nike Trademarks in California, and in interstate commerce has and is likely to cause confusion, deception and mistake or to deceive as to the source and origin of the footwear and related merchandise in that the buying public will conclude that the products sold by Defendants are authorized, sponsored, approved or associated with Nike.

17.    Such confusion, deception and mistake has occurred as a direct result of Defendants' display, advertising and promotion, both in-store and otherwise, of the infringing footwear and other merchandise.

18.    Upon information and belief, Defendants' activities have also caused actual confusion with consumers as to the source and origin of such footwear and other merchandise.

19.    Defendants' infringing activities will cause irreparable injury to Nike if Defendants is not restrained by the Court from further violation of Nike's rights, as Nike has no adequate remedy at law.

20.    Nike has suffered damages as a result of the aforesaid acts. Defendants has profited from its unlawful activities. Unless Defendants' conduct is enjoined, Nike and its goodwill and reputation will continue to suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages. Accordingly, Nike seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

21.    Defendants' use in commerce of The Nike Trademarks in the sale of footwear and related merchandise is an infringement of Nike's registered trademarks in violation of 15 U.S.C. §§ 1114(1) and 1125.

22.    Defendants committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively with the intent to injure Nike and its business.

Accordingly, Nike is entitled to a judgment of three times its damages and Defendants' profits,

together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

23.    In order to determine the full extent of such damages, including such profits, Nike

will require an accounting from each defendant of all monies generated from the manufacture,

importation, distribution and/or sale of the infringing footwear as alleged herein.

24.    The unlicensed footwear bearing the Nike Trademarks, which was sold, distributed

and offered for sale by Defendants constitutes counterfeit products pursuant to 15 U.S.C. §

1116(d).

## **SECOND CLAIM FOR RELIEF**

### **(Lanham Act - Unfair Competition)**

25.    Nike hereby repeats and realleges the allegations set forth in paragraphs 1 through

24 above, as if set forth fully herein.

26.    Nike's claim arises under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and

(d) for false designation of origin and false descriptions and representations in interstate commerce.

27.    As a direct result of Nike's longstanding use, sales, advertising and marketing, the

Nike Trademarks have acquired secondary and distinctive meaning among the public who have

come to identify the Nike Trademarks with Nike and its products.

28.    The unauthorized and counterfeit footwear and related merchandise which has been

manufactured, purchased, distributed, offered for sale and sold by Defendants, duplicates and

appropriates the Nike Trademarks in order to delude and confuse the public into believing that such

footwear and related merchandise are authorized, sponsored, approved or associated with Nike.

29.    Defendants, by misappropriating and using the likenesses of the Nike Trademarks in

connection with the sale of such products, are misrepresenting and will continue to misrepresent

and falsely describe to the general public the origin and sponsorship of their products. Defendants

has caused such products to enter into interstate commerce willfully, with full knowledge of the

falsity of the designation of their origin and description and representation in an effort to mislead

the purchasing public into believing that their products are authorized or emanate from Nike.

30.     Such confusion, deception and mistake has occurred as a direct result of

Defendants' display, advertising and promotion, both in-store and otherwise, of the infringing

footwear and other merchandise.

31.     Defendants' use in commerce of the Nike Trademarks in the sale of footwear and

related merchandise is an infringement of Nike's registered trademarks in violation of 15 U.S.C. §

1125.

32.     Defendants have profited from their unlawful activities.  Unless Defendants'

conduct is enjoined, Nike and its goodwill and reputation will continue to suffer irreparable injury

which cannot be adequately calculated or compensated solely by money damages.  Accordingly,

Nike seeks preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

33.     Nike has suffered monetary damages as a result of Defendants' acts.  In order to

determine the full extent of such damages, including such profits as may be recoverable; Nike will

require an accounting from Defendants of all monies generated from the manufacture, importation,

distribution and/or sale of the infringing footwear as alleged herein.

34.     Accordingly, Nike is entitled to a judgment of three times its damages and

Defendants' profits, together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF

### (Lanham Act - Dilution of Famous Mark)

35.     Nike hereby repeats and realleges the allegations set forth in paragraphs 1 through

34, above, as if set forth fully herein.

36.     Nike's claim arises under Section 43 of the Lanham Act, 15 U.S.C. § 1125(c).

37.     As a result of Nike's continuous promotion of its products in conjunction with the Nike Trademarks, the Nike Trademarks have become recognized as distinctive and famous trademarks.

38.     Defendants' use in commerce of the Nike Trademarks began after the Nike Trademarks had become famous and has caused dilution of the distinctive quality of the marks. Such conduct has caused injury to Nike pursuant to 15 U.S.C. § 1125(c).

39.     Such dilution has occurred as a direct result of Defendants' display, advertising and promotion, both in-store and otherwise, of the infringing footwear and other merchandise.

40.     Defendants willfully intended to trade on Nike's reputation and/or to cause dilution of the famous trademarks. Accordingly, Nike is entitled to recover its damages, as well as Defendants' profits received as a result of the infringement, pursuant to 15 U.S.C. § 1117(a).

41.     Unless Defendants' conduct is enjoined, Nike and its goodwill and reputation will suffer irreparable injury which cannot be adequately calculated or compensated solely by money damages. Accordingly, Nike seeks permanent injunctive relief pursuant to 15 U.S.C. § 1116 and 15 U.S.C. § 1125(c) (1).

## FOURTH CLAIM FOR RELIEF

### (For Unfair Competition – California Law)

42.     Nike hereby repeats and realleges the allegations set forth in paragraphs 1 through 41, above, as if set forth fully herein.

43.     The Nike Trademarks have acquired secondary meaning indicative of origin, relationship, sponsorship and/or association with Nike. The purchasing public is likely to attribute to Nike the use by Defendants of the Nike Trademarks or any of them, as a source of origin, authorization and/or sponsorship for Defendants' goods and therefore to purchase such goods based upon that erroneous belief.

44.    Nike is informed and believes, and upon that basis alleges, that Defendants have intentionally appropriated the Nike trademarks with the intent of causing confusion, mistake and deception as to the source of their goods and with the intent to palm off such goods as those of Nike and, as such, Defendants has committed trademark infringement, misleading advertising and unfair competition, all in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et seq*.

45.    Defendants' appropriation, adoption and use of one or more of the Nike Trademarks, including the sale and offering for sale of infringing shoes bearing or using one or more of the Nike Trademarks in connection with the provision of goods is likely to cause confusion between Defendants' infringing product and the goods authorized and licensed by the Nike, thus constituting a violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, *et seq*.

46.    Nike is informed and believes, and upon that basis alleges, that these deceptive, unfair and fraudulent practices have been undertaken with knowledge by Defendants of their wrongfulness. Nike is informed and believes, and upon that basis alleges, that Defendants' use of Nike's trademarks is for the willful and calculated purpose of misappropriating Plaintiffs' goodwill and business reputation, at Nike's expense and at no expense to Defendants. By taking one or more of the Nike Trademarks, Nike has been deprived of an opportunity to conduct business using its trademarks and deprived of the right to control the use of its trademarks and Defendants has been unjustly enriched.

47.    Nike has no adequate remedy at law and has suffered and is continuing to suffer irreparable harm and damage as a result of Defendants' acts in an amount thus far not determined but within the jurisdiction of this Court.

48.    Nike is informed and believes, and upon that basis alleges, that unless enjoined by the Court, the confusion and deception alleged herein and the likelihood thereof will continue with irreparable harm and damage to Nike.

49.    Nike is informed and believes, and upon that basis alleges, that Defendants have unlawfully and wrongfully derived and will continue to derive income, gains, profits and advantages as a result of their wrongful acts of unfair competition, in amounts thus far not determined but within the jurisdiction of this Court.  Nike is informed and believes, and upon that basis alleges, that it has lost and will continue to lose profits and goodwill as a result of Defendants' conduct.

50.    By reason of the foregoing acts of unfair competition, Nike is entitled to restitution from Defendants of all income, gains, profits and advantages resulting from their wrongful conduct in amounts to be determined according to proof at trial.

51.    In order to determine the full extent of such damages, including such profits as may be recoverable; Nike will require an accounting from Defendants of all monies generated from the manufacture, importation, distribution and/or sale of the infringing product.

52.    Nike is informed and believes, and upon that basis alleges, that Defendants committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly and oppressively, with intent to injure Nike in its business and with conscious disregard for Nike's rights, thereby justifying awards of punitive and exemplary damages in amounts sufficient to punish and to set an example for others.

## FIFTH CLAIM FOR RELIEF

### (Dilution under California Law)

53.    Nike hereby repeats and realleges the allegations set forth in paragraphs 1 through 52 above, as if set forth fully herein.

Nike v. Carpenter: Complaint                          - 11 -

54.     Nike is informed and believes, and upon that basis alleges, that Defendants' acts have caused a likelihood of injury to Nike's goodwill and business reputation, impaired the effectiveness of Nike's trademarks and diluted its distinctive trade names and trademarks.

55.     Nike is informed and believes, and upon that basis alleges, that Defendants' acts violate the trademark laws of the State of California and, specifically, California Business and Professions Code, § 14330.

56.     Nike has no adequate remedy at law and Defendants' conduct, if not enjoined, will continue to cause irreparable damage to Nike's rights in their trademarks, trade name, reputation and goodwill.

## PRAYER FOR RELIEF

WHEREFORE, Nike demands entry of a judgment against defendant as follows:

1)      Permanent injunctive relief restraining Defendants, her officers, agents, servants, employees and attorneys, and all those in active concert or participation with them, from:

  a)      further infringing the Nike Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Nike, including, but not limited to footwear and related merchandise, bearing any simulation, reproduction, counterfeit, copy or colorable imitation of any of the Nike Trademarks ("Unauthorized Products");

  b)      using any simulation, reproduction, counterfeit, copy or colorable imitation of any of the Nike Trademarks in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation or distribution of Unauthorized Products in such fashion as to

Nike v. Carpenter: Complaint                                    - 12 -

relate or connect, or tend to relate or connect, such products in any way to Nike, or to any goods sold, manufactured, sponsored or approved by, or connected with Nike;

c)   making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed or sold by defendant are in any manner associated or connected with Nike, or are sold, manufactured, licensed, sponsored, approved or authorized by Nike;

d)   engaging in any other activity constituting unfair competition with Nike, or constituting an infringement of any of Nike's trademarks or of Nike's rights in, or to use or to exploit, said trademarks, or constituting any dilution of any of Nike's names, reputations, or good will;

e)   effecting assignments or transfers, forming new entities or association or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (d);

f)   secreting, destroying, altering, removing or otherwise dealing with the Unauthorized Products or any books or records which may contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting or displaying of all unauthorized products which infringe any of Nike's trademarks; and

g)   aiding, abetting, contributing to or otherwise assisting anyone from infringing upon Nike's trademarks.

2)   Directing that Defendants deliver for destruction all Unauthorized Products,
     including footwear, and labels, signs, prints, packages, dyes, wrappers, receptacles
     and advertisements relating thereto in their possession or under their control bearing
     any of the Nike Trademarks or any simulation, reproduction, counterfeit, copy or
     colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices
     and other means of making the same.

3)   Directing such other relief as the Court may deem appropriate to prevent the trade
     and public from gaining the erroneous impression that any products manufactured,
     sold or otherwise circulated or promoted by defendant are authorized by Nike, or
     related in any way to Nike's products.

4)   That Nike be awarded from Defendants, as a result of Defendants' sale of
     Unauthorized Products bearing the Nike Trademarks, three times Nike's damages
     there from and three times of each of Defendants' profits there from, after an
     accounting, or, in the alternative, statutory damages, should Nike opt for such relief,
     consisting of One Million Dollars ($1,000,000.00) for each of the Nike Trademarks
     infringed upon by each of the Defendants, pursuant to 15 U.S.C. § 1114 and § 1117.

5)   That Nike be awarded from Defendants three times Nike's damages there from and
     three times Defendants' profits there from, after an accounting, pursuant to 15
     U.S.C. § 1125(a) and § 1117.

6)   That Nike be awarded its reasonable attorney's fees and investigative fees pursuant
     to 15 U.S.C. § 1117.

7)   That Nike be awarded punitive damages for Defendants' willful acts of unfair
     competition under California law.

1    8)    That Nike be awarded its costs in bringing this action.

2    9)    That Nike have such other and further relief that this Court deems just.

3    Dated: June 2(, 2008                        J. Andrew Coombs, A Professional Corp.

4

5

6                                            By:    J. Andrew Coombs
7                                                Annie S. Wang
                                                Attorneys for Nike, Inc.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2          Pursuant to Federal Rule of Civil Procedure 38(b), Nike Inc. hereby demands a trial by jury

3     of all issues so triable.

4     DATED: June 2⟨, 2008                          J. Andrew Coombs, A Professional Corp.

5

6                                          By:    J. Andrew Coombs
                                                  Annie S. Wang
7                                                 Attorneys for Nike, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Nike Registrations for Footwear
International Class 25

| Trademark | Registration Number | Registration Date |
|---|---|---|
| AIR-SOLE | 1,145,812 | January 13, 1981 |
| SWOOSH | 1,200,529 | July 6, 1982 |
| NIKE | 1,214,930 | November 2, 1982 |
| Nike® and Swoosh® Design | 1,237,469 | May 10, 1983 |
| Nike® | 1,277,066 | May 8, 1984 |
| Swoosh® Design | 1,284,385 | July 3, 1984 |
| NIKE AIR w/Swoosh device | 1,284,386 | July 3, 1984 |
| NIKE AIR | 1,307,123 | November 27, 1984 |
| Air Jordan® | 1,370,283 | November 12, 1985 |
| Swoosh device on shoe | 1,323,342 | March 5, 1985 |
| Swoosh device | 1,323,343 | March 5, 1985 |
| NIKE w/Swoosh device | 1,325,938 | March 19, 1985 |
| AIR JORDAN | 1,370,283 | November 12, 1985 |
| AIR MAX | 1,508,348 | October 11, 1988 |
| AIR TRAINER | 1,508,360 | October 11, 1988 |
| Jump Man device | 1,558,100 | September 26, 1989 |
| Nike Air® | 1,571,066 | December 12, 1989 |
| AIR SKYLON | 1,665,479 | November 19, 1991 |
| AIR SOLO FLIGHT | 1,668,590 | December 17, 1991 |
| AIR FLIGHT | 1,686,515 | May 12, 1992 |
| AIR DESCHUTZ | 1,735,721 | November 24, 1992 |
| Jump Man device | 1,742,019 | December 22, 1992 |
| AIR TRAINER MAX | 1,789,463 | August 24, 1993 |
| AIRMAX in oval | 2,030,750 | January 14, 1997 |
| AIR UPTEMPO in crest | 2,032,582 | January 21, 1997 |
| AIR with Swoosh device | 2,068,075 | June 3, 1997 |
| NIKE with Swoosh device | 2,104,329 | October 7, 1997 |
| ACG NIKE in triangle | 2,117,273 | December 2, 1997 |
| Nike® | 2,196,735 | October 13, 1998 |
| Nike® and Swoosh® Design | 2,209,815 | December 8, 1998 |
| Stylized "B" | 2,476,882 | August 14, 2001 |
| NIKE ALPHA PROJECT as device | 2,517,735 | December 11, 2001 |
| WAFFLE RACER | 2,652,318 | November 19, 2002 |
| PHYLITE | 2,657,832 | December 10, 2002 |
| TRUNNER | 2,663,568 | December 17, 2002 |
| DRI-STAR | 2,691,476 | February 25, 2003 |
| PRESTO | 2,716,140 | May 13, 2003 |
| TRIAX | 2,810,679 | February 3, 2004 |
| WAFFLE TRAINER | 2,893,674 | October 12, 2004 |

Nike v. Carpenter: Complaint    - 17 -

| THERMA-STAR | 2,960,844 | June 7, 2005 |
| NIKE SHOX | 2,970,902 | July 19, 2005 |
| STARTER | 2,971,216 | July 19, 2005 |
| Basketball player outline | 2,977,850 | July 26, 2005 |
| NIKEFREE | 3,087,455 | May 2, 2006 |

Nike v. Carpenter: Complaint                              - 18 -